```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| JAMAL MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-442-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Jamal Mitchell has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mitchell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation

stating federal relief" (citations and internal quotation marks omitted)).

I

In April 2002, Mitchell was found guilty of conspiracy to distribute 5 kilograms or more of cocaine within 1,000 feet of a public school in violation of 21 U.S.C. § 846, as well as conspiracy to commit money laundering in violation of 18 U.S.C. § 1957. Prior to trial the government filed a notice pursuant to 21 U.S.C. § 851(b) indicating that it would seek to enhance his sentence pursuant to a provision of the Controlled Substances Act, 21 U.S.C. § 841(b), in light of his prior 1993 conviction for attempted possession with intent to distribute cocaine in the District of Columbia. In July 2002, the trial court imposed a 360-month sentence on the first count and a concurrent 120-month sentence on the second. *United States v. Mitchell*, No. 1:02-CR-25-JCC-1 (E.D. Va. 2002). The Fourth Circuit affirmed on direct appeal over Mitchell's challenges to both his convictions and to the enhancement of his sentence. *United States v. Mitchell*, 70 F. App'x 707 (4th Cir. 2003).

Mitchell moved to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255, but the trial court denied relief and the Fourth Circuit denied Mitchell a certificate of appealability in 2007. *United States v. Mitchell*, 256 F. App'x 603 (4th Cir. 2007). Mitchell filed several additional post-

judgment motions, all of which were denied save one: in 2015 the trial court reduced his 360-month sentence to 292 months pursuant to 18 U.S.C. § 3582(c)(2). Mitchell has filed a prior habeas corpus petition pursuant to 28 U.S.C. § 2241 in this Court to challenge his convictions and sentences, without success. *Mitchell v. Quintana*, No. 5: 13-CV-58-KKC, 2013 WL 5503030 (E.D. Ky. Oct. 1, 2013).

In his current § 2241 petition, Mitchell argues that the Fourth Circuit's decision in *United States v. Simmons*, 649 F. 3d 237 (4th Cir. 2011) (*en banc*) establishes that his prior state conviction no longer qualifies as a "felony drug offense" which may be used to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1). In *Simmons*, the Fourth Circuit held that a federal court must look to the characteristics of the particular defendant before it in determining whether he or she faced a possible prison sentence of more than one year for the commission of a prior "felony drug offense," not the characteristics possessed by a hypothetical defendant. *Id*. at 241. This was a straightforward application of the Supreme Court's then-recent decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), which held that to determine whether a lawful permanent resident may seek cancellation of removal because he had not committed an "aggravated felony" under the Immigration and Nationality Act ("INA") the court must look at the offense the alien was actually convicted of

committing, not the offense for which his conduct would have warranted conviction. *Id*. at 581-82 ("... the defendant must also have been actually convicted of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.").

Mitchell asserts that his 1993 District of Columbia conviction was not for a "felony drug offense" permitting enhancement of his sentence under the CSA because he could not have been sentenced to more than one year in prison. This is so, he appears to argue, because the District's statutory definition of attempt contemplates only present or future conduct, not past conduct. Mitchell contends that he may assert his *Simmons* claim in a § 2241 petition because that case is one of statutory interpretation and because the Fourth Circuit in *Miller v. United States*, 735 F. 3d 141, 147 (4th Cir. 2013) held that *Simmons* was retroactively applicable to cases on collateral review. [R. 1 at 4-7]

## II

Resort to a § 2241 petition as a vehicle to challenge the validity of a sentence is only permissible where (1) the

4

petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in an initial or successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Mitchell's claim appears to satisfy the first two criteria, but does not satisfy the third. In this regard, Mitchell's reliance upon *Simmons* – a case decided by the Fourth Circuit rather than the Supreme Court of the United States – is misplaced. The longstanding rule in this and other circuits is that a habeas petitioner seeking relief under § 2241 must invoke a retroactively applicable decision made by the Supreme Court: a decision by a federal circuit court of appeals will not do. *Charles v. Chandler*, 180 F. 3d 753, 755 (6th Cir. 1999) (per curiam); *Wooten v. Cauley*, 677 F. 3d 303 (6th Cir. 2012). See also *Williams v. Warden, Federal Bureau of Prisons*, 713 F. 3d 1332, 1342-44 (11th Cir. 2013).

That said, Mitchell's petition may be construed to rely primarily upon *Carachuri-Rosendo* itself, the Supreme Court

decision upon which *Simmons* was squarely based. However, courts considering the question have routinely held that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review. Cf. *United States v. Bowman*, 561 F. App'x 294 (4th Cir. 2014); *Lansdowne v. Wilson*, 897 F. Supp. 2d 404, 406-07 (E.D. Va. 2012); *Stewart v. Warden, FCC Coleman-Low*, No. 5: 11-CV-98-OC-29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011).

Finally, Mitchell's claim is not actually predicated upon the Supreme Court's holding in *Carachuri-Rosendo*. The Supreme Court's decision in that case more narrowly defined the meaning of the term "aggravated felony" set forth in 8 U.S.C. § 1229b(a)(3) for purposes of the INA; it did not address, directly or inferentially, the question presented here based upon the definition of "felony drug offense" for purposes of the career offender enhancement set forth in the § 841(b)(1). *Fields v. Warden, FCC Coleman-USP1*, 612 F. App'x 980, 982 (11th Cir. 2014); *Stewart v. Warden, FCC Coleman-Low*, 589 F. App'x 934, 937 (11th Cir. 2014) ("[*Carachuri-Rosendo*]'s ultimate holding that non-recidivist simple drug possession could not be an "aggravated felony" [under the INA] has no bearing on whether such an offense could be a "felony drug offense" under 21 U.S.C. § 841.").

Mitchell's claim is also without merit. 21 U.S.C. § 841(b)(1) provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such

6

person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment ..." Federal law defines a "felony drug offense" as any state or federal offense related to narcotic drugs "that is punishable by imprisonment for more than one year under any law of the United States or of a State ..." 21 U.S.C. § 802(44).

In 1993 Mitchell was convicted in the District of Columbia of attempted possession with intent to distribute cocaine, a violation of D.C. Code § 48-904.01(a)(1) [previously § 33-541(a)(1)].[1] District law in effect at the time defined cocaine as a Schedule II controlled substance. D.C. Code §§ 48-901.02(4), 48-902.06(1)(D) [previously §§ 33-501(4), 33-516(1)(D)]. As a result of his conviction for this offense, Mitchell was therefore subject to imprisonment "for not more than five years" pursuant to D.C. Code § 48-904.02(2)(B) [previously § 33-541(a)(2)(B)]. While Mitchell was convicted not of trafficking in cocaine but only of attempting to do so, D.C. Code § 48-904.09 [previously § 33-549] provides that the maximum punishments for committing the offenses

---

[1] The District of Columbia Uniform Controlled Substances Act ("UCSA") of 1981, as amended and in effect at the time of Mitchell's 1993 conviction, was at that time set forth in D.C. Code § 33-501 *et seq*. For ease of reference, the Court will first cite to the UCSA's current placement in D.C. Code § 48-901 *et seq*., followed by a second reference to the 1993 version of the statute. However, this opinion sets forth only the substantive terms of the relevant D.C. Code provisions in effect in 1993.

7

of attempt or conspiracy are the same as those available for commission of the underlying offense.

In addition, since 1990 District law has also treated cocaine as a "narcotic drug." D.C. Code §§ 48-901.02(15)(D) [previously § 33-501(15)(D)]. Mitchell therefore faced a prison sentence "for not more than thirty years" pursuant to D.C. Code § 48-904.01(2)(A) [previously § 33-541(a)(2)(A)].[2] Cf. *Handon v. U.S.*, 651 A.2d 814 (D.C. App. 1994) (noting that following guilty plea D.C. defendant was subject to sentence of 10-30 years imprisonment for attempted unlawful distribution of cocaine pursuant to D.C. Code § 33-549). Mitchell was thus subject to sentence of more than one year as required by 18 U.S.C. § 841(b)(1), and his prior D.C. conviction therefore qualified as a prior "felony drug offense" under 21 U.S.C. § 841(b)(1).

---

[2] The D.C. Code then in effect also imposed mandatory minimum sentences for drug trafficking offenses involving "narcotic drugs" - which includes cocaine - of 4-5 years for first-time offenders and 7-10 years for any subsequent offense, dependent upon the drug quantity involved. D.C. Code § 33-541(c)(1)(A), (A-2) (1993). However, online records of Mitchell's 1993 conviction do not indicate the drug quantity involved. *United States v. Mitchell*, No. 1992 FEL 004535 (D.C. Sup. Ct. 1992). See https://eaccess.dccourts.gov/eaccess/search.page.3.1?x=Kb380L3F3BcEIW8f6tH-lPlw5JKCGU*xvHKhAsucNkfe8WMYcSdzZ9SWbeuaJt1gSEFhVN5s**BQblkp1PMGRQ (last visited on 11 July 2018). While it is therefore not clear if Mitchell was subject to the these mandatory minimums, the sentence to which he was clearly subject was plainly far in excess of one year.

Finally, the nature of Mitchell's argument regarding his prior D.C. offense is difficult to follow, but he appears to argue that he was not subject to a D.C. sentence of *any* length because he was not guilty of "attempting" to traffic in cocaine. Mitchell argues that: (1) D.C. Code § 48-904.09 [previously § 33-549] speaks only in the present tense; (2) an interpretive provision found in D.C. Code § 1-301.45 only permits statutes "to be interpreted in the present and future tense"; and (3) the Supreme Court has held that "a statutory definition which declares what a term means 'excludes any meaning that is not stated.'" Mitchell thus argues that his past conduct in attempting to traffic in cocaine did not violate *any* criminal offense defined in the D.C. statutes, and is hence invalid. [R. 1 at 7-9] But Mitchell may not challenge the validity of his D.C. Code offense in this § 2241 proceeding as a means to undermine the validity of the enhancement of his federal sentence. *Daniels v. United States*, 532 U.S. 374, 376, 378-80 (2001) (citing *Custis v. United States*, 511 U.S. 485 (1994)); *Gross v. Sniezak*, 396 F. App'x 802, 803 (3d Cir. 2010); *Steverson v. Summers*, 258 F. 3d 520 (6th Cir. 2001).

Accordingly, it is **ORDERED** as follows:

1. Petitioner Jamal Mitchell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 16th day of July, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge